**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARKAN AL-SAMMARRAIE, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> *Defendant*. | No. 25-cv-3099 (DLF) |

**MEMORANDUM OPINION**

Arkan Al-Sammarraie, proceeding *pro se*, seeks to enforce certain rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771. The Federal Bureau of Investigation (FBI) has filed a motion to dismiss. Dkt. 30. For the following reasons, the Court will grant the motion.

Federal Rule of Civil Procedure 12(b)(3) "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009); *see* Fed. R. Civ. P. 12(b)(3). The Court accepts the plaintiff's well-pleaded allegations regarding venue as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015). "The court need not, however, accept the plaintiff's legal conclusions as true . . . and may consider material outside of the pleadings." *Id.* (citation modified). "The plaintiff has the burden to establish that venue is proper since it is his obligation to institute the action in a permissible forum." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (citation modified), *aff'd*, No. 20-cv-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Al-Sammarraie alleges that he is "a victim, complainant, and principal cooperating witness" in an ongoing criminal investigation being conducted by the FBI. Pl.'s Mot. to Enforce Crime Victims' Rights 1, Dkt. 4. He alleges that he has "fully cooperated with federal authorities in a national security case involving an American woman with documented ties to [a] terrorist militia" that has been "designated as an Iranian proxy." *Id.* Al-Sammarraie seeks "enforcement of [his] statutory rights as a victim, complainant, and principal cooperating witness" pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(d)(3). *Id.* He complains that he has not received (1) "official written acknowledgement of [his] victim status"; (2) "appointment of a Victim-Witness Coordinator"; (3) a "secure and documented channel for evidence submission"; and (4) "[r]egular updates regarding the progress of the case." *Id.* As "[a]dditional [h]arm," he also alleges that his phone "was seized and searched without a judicial warrant" and that he has suffered "mental and emotional strain" requiring him to seek treatment at a hospital. *Id.* at 2.

A victim of a crime seeking to enforce his rights under the CVRA must file his motion for relief "in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred." 18 U.S.C. § 3771(d)(3).

Al-Sammarraie "has neither alleged that any criminal prosecution is pending in this district, nor shown that any crime occurred here." *Walsh v. Hagee*, 900 F. Supp. 2d 51, 61 (D.D.C. 2012) (dismissing CVRA claim), *aff'd*, No. 12-5367, 2013 WL 1729762 (D.C. Cir. Apr. 10, 2013). In fact, his filings do not allege that *any* criminal prosecution is ongoing, nor does he specify a location where the alleged crime occurred. In response to the FBI's motion to dismiss noting the requirements of § 3771(d)(3) and pointing out that the plaintiff has failed to allege relevant facts, Al-Sammarraie notes that he has "engaged with multiple FBI offices and personnel," with

meetings taking place in 2024 in Houston, Texas; in July 2025 in Fayetteville, North Carolina; and in August 2025 in Washington, D.C.  Pl.'s Opp'n 2, Dkt. 31.  He again fails to provide any facts indicating that either (1) a criminal prosecution is underway in this District or (2) that any alleged crime occurred in this District.  *See* Def.'s Reply 2, Dkt. 33.

Instead of addressing the requirements of § 3771(d)(3), Al-Sammarraie contends that venue is proper in this District because he is "currently residing" here, Pl.'s Mot. to Enforce Crime Victims' Rights 2, and because the defendant is a federal agency headquartered in Washington, D.C., *id.* at 6 (citing 28 U.S.C. § 1391(e)); *see also* Pl.'s Opp'n 4 (contending that a "substantial part of the events" occurred in this District under 28 U.S.C. § 1391(b)(2)).  But while § 1391(e) generally governs venue in a "civil action in which a defendant is . . . an agency of the United States," it applies "except as otherwise provided by law."  28 U.S.C. § 1391(e).  So too for § 1391(b)(2).  *See* 28 U.S.C. § 1391(a) (Provision applies "[e]xcept as otherwise provided by law.").  Here, the CVRA itself provides its own, more stringent limitations on where a motion seeking to enforce rights under the CVRA may be brought, 18 U.S.C. § 3771(d)(3), and Al-Sammarraie has failed to allege any facts demonstrating that this provision is satisfied in this District.

For these reasons, venue in this District is improper, and because Al-Sammarraie does not allege facts concerning either prong of § 3771(d)(3), the Court lacks the information necessary to transfer this case to a proper federal district.  The Court will therefore dismiss this case without prejudice, and Al-Sammarraie remains free to file his CVRA claim in a proper district pursuant to § 3771(d)(3).[1]

---

[1] The FBI also contends that this case should be dismissed for failure to state a claim under Rule 12(b)(6) because Al-Sammarraie is not a "crime victim" under the CVRA's definition of the term.

Finally, before the Court are several motions filed by Al-Sammarraie.  The Court will deny without prejudice his Emergency Motion to Appoint Counsel, Dkt. 5, because it does not find that "exceptional circumstances" warrant appointment of counsel in this civil case, *Pinson v. DOJ*, 55 F. Supp. 3d 80, 83 (D.D.C. 2014) (noting that "[p]laintiffs in civil cases do not have a constitutional or statutory right to counsel" and that "the district court has the discretion to decide whether to appoint an attorney for a *pro se* litigant in a civil case").  And because the Court will dismiss Al-Sammarraie's sole claim under the CVRA, it will dismiss as moot his Motion to Enforce Crime Victims' Rights, Dkt. 4; his Motion for Expedited Hearing, Dkt. 6; and his Motion to Enforce Crime Victims' Rights and Request for Full Judicial Supervision, Dkt. 9.

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's Motion to Dismiss, Dkt. 30, and dismisses this case without prejudice.  A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
April 27, 2026                                                        United States District Judge

---

*See* Def.'s Mot. to Dismiss 4–6.  Because the Court will dismiss this case for improper venue, it need not rule on this issue and will leave its resolution for another court.